IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THE CHAMBERLAIN GROUP, INC., a Connecticut corporation, | ) Civil Action No. 02C 6376 |
| Plaintiff, | ) The Honorable JUDGE PALLMEYER |
| v. | ) Magistrate Judge MAGISTRATE JUDGE BOBRICK |
| SKYLINK TECHNOLOGIES, INC., a foreign corporation, | ) JURY TRIAL DEMANDED |
| Defendant. | ) |

## COMPLAINT

Plaintiff, The Chamberlain Group, Inc. ("Chamberlain"), complains against Defendant, Skylink Technologies, Inc. ("Skylink"), as follows:

1.  Chamberlain is a corporation incorporated under the laws of the State of Connecticut, with its principal place of business in Elmhurst, Illinois.

2.  Skylink is a foreign corporation. It has a principal place of business at 2213 Dunwin Drive, Mississauga, Ontario, Canada L5L 1X1.

3.  This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. §§ 271 et seq. and for copyright infringement arising under the Copyright Act, 17 U.S.C. § 1201. The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§1331 and 1338(a).

4.  This Court has personal jurisdiction over Skylink. Venue in this judicial district is proper under 28 U.S.C. § 1391.

## COUNT I

5. On June 7, 1988, U.S. Patent No. 4,750,118 ("the '118 Patent") entitled "Coding System for Multiple Transmitters and a Single Receiver for a Garage Door Opener" was duly and legally issued to Chamberlain Manufacturing Company, on an application filed by Carl Heitschel, Colin Willmott and Wayne Schindler. On October 29, 1996, the '118 Patent was duly and legally reissued as Reissue Patent No. Re. 35,364 ("the '364 Patent").

6. Chamberlain is the owner of all right, title and interest in the '364 Patent.

7. Skylink has been, and is, willfully infringing the '364 Patent: by making, using, offering to sell, and/or selling those inventions patented in the '364 Patent; by inducing others to infringe the '364 Patent; and/or by contributing to the infringement by others of the '364 Patent. Unless enjoined by the Court, Skylink will continue to infringe, induce the infringement of, and/or contributorily infringe the '364 Patent.

8. The required statutory notice has been placed on products manufactured and sold under the '118 Patent and the '364 Patent.

## COUNT II

9. On May 16, 2000, the '118 Patent was duly and legally reissued to Chamberlain as Reissue Patent No. Re. 36,703 ("the '703 Patent").

10. Chamberlain is the owner of all right, title and interest in the '703 Patent.

11. Skylink has been and is willfully infringing the '703 Patent: by making, using, offering to sell, and/or selling those inventions patented in the '703 Patent; by inducing others to infringe the '703 Patent; and by contributing to the infringement by others of the '703 Patent. Unless

enjoined by the Court, Skylink will continue to infringe, induce the infringement of, and contributorily infringe the '703 Patent.

12. The required statutory notice has been placed on products manufactured and sold under the '703 Patent.

## COUNT III

13. On November 28, 2000, U.S. Patent No. 6,154,544 ("the '544 Patent"), entitled "Rolling Code Security System," was duly and legally issued to Chamberlain, on an application filed by Bradford L. Farris and James J. Fitzgibbon.

14. Skylink has been and is willfully infringing the '544 Patent: by making, using, offering to sell, and/or selling those inventions patented in the '544 Patent within the United States and within this District; by inducing others to infringe the '544 Patent; and by contributing to the infringement by others of the '544 Patent. Unless enjoined by the Court, Skylink will continue to infringe, induce the infringement of, and contributorily infringe the '544 Patent.

## COUNT IV

15. In 1994, Chamberlain created and wrote a computer software program entitled "Code Guard Rolling Code" (the "original work").

16. This original work contains a large amount of material, wholly original with Chamberlain and is copyrightable subject matter under the laws of the United States.

17. On July 26, 2002, Chamberlain complied in all respects with the Copyright Act of 1976, 17 U.S.C. §101 *et seq.*, and all other laws governing copyrights, and secured the exclusive rights and privileges in and to the original work, and received from the Register of Copyrights a Certificate of Registration dated and identified as follows: "July 26, 2002, No. TX-5-533-065."

18. In early 1996, Chamberlain created and wrote a modification of the original work (the "derivative work").

19. On August 1, 2002, Chamberlain complied in all respects with the Copyright Act and all other laws governing copyrights, and secured the exclusive rights and privileges in and to the derivative work and received from the Register of Copyrights a Certificate of Registration dated and identified as follows: "August 1, 2002, No. TX-5-549-995."

20. Since the original work and the derivative work were developed, Chamberlain has placed a copyright notice on all copies of the original work and the derivative work that it has produced. Any copies of the original work and the derivative work published by Chamberlain have been published by Chamberlain have been published in strict conformance with the provisions of the Copyright Act of 1976, 17 U.S.C. §101 *et seq.*, and all other laws governing copyrights.

21. The original work and the derivative work contain a technological measure that effectively controls access to the original work and the derivative work.

22. Since the creation of the original work and the derivative work, Chamberlain has been and still is the sole owner of all rights, title and interest in and to the respective copyrights in the original work and the derivative work.

23. After August 1, 2002, Skylink has made, imported, offered to the public, provided and otherwise trafficked in a device that (a) is designed or produced for the purpose of circumventing the technological measure; (b) has no commercially significant purpose or use other than to circumvent the technological measure; and (c) is marketed by Skylink for use in circumventing the technological measure, in violation of 17 U.S.C. § 1201(2).

24. Chamberlain has notified Skylink that Skylink is violating section 1201, and Skylink has continued its violation.

## PRAYER FOR RELIEF

WHEREFORE, Chamberlain prays for:

1. Judgment that the '364, '703 and '544 Patents are valid, enforceable and infringed by Skylink;

2. A preliminary and permanent injunction enjoining Skylink, its officers, agents, employees and those persons acting in active concert or participation with Skylink from infringing, inducing infringement of, or contributorily infringing the '364, '703 and '544 Patents;

3. An award of damages arising out of Skylink's infringement, inducing infringement or contributory infringement of the '364, '703 and '544 Patents, together with interest;

4. A preliminary and permanent injunction enjoining Skylink, its officers, agents, servants, employees and those persons acting in active concert or participation with Skylink from violating Section 1201 by selling its device;

5. An order impounding all devices in the custody or control of Skylink that are involved in the violation by Skylink of Section 1201;

6. Judgment awarding damages to Chamberlain, including statutory damages and/or such damages as Chamberlain has sustained as a result of the violation by Skylink of Section 1201;

7. Judgment awarding to Chamberlain all profits of Skylink that are attributable to the violation by Skylink of Section 1201;

8. Skylink be required to deliver up to be impounded during the pendency of this action all devices in Skylink's custody or control that the Court has reasonable cause to believe was involved in violation of Section 1201, or control and to deliver up for destruction all devices;

9. An order for the destruction of any device involved in the violation of section 1201 in Skylink's custody or control, or has been impounded under paragraph 5;

10. Judgment that the damages so adjudged be trebled;

11. Judgment that Chamberlain be awarded its attorney's fees, costs and expenses incurred in this action; and

12. Such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Chamberlain demands trial by jury of all issues triable of right by a jury.

Date:   September 6, 2002

John F. Flannery
Karl R. Fink
Rudy I. Kratz
FITCH, EVEN, TABIN & FLANNERY
120 South LaSalle Street, Suite 1600
Chicago, Illinois 60603
(312) 577-7000

289470

*Attorneys for Plaintiff, The Chamberlain Group, Inc.*



# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

JUDGE PALLMEYER

## Civil Cover Sheet

02C 6376

MAGISTRATE JUDGE BOBRICK

This automated JS-44 conforms generally to the manual JS-44 approved by the Judicial Conference of the United States in September 1974. The data is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. The information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is authorized for use <u>only</u> in the Northern District of Illinois.

**Plaintiff(s):** The Chamberlain Group, Inc.
County of Residence: Cook
Plaintiff's Atty: John F. Flannery
Fitch, Even, Tabin & Flannery
120 So. LaSalle Street, Suite 1600,
Chicago, IL 60603-3406
(312) 577-7000

**Defendant(s):** Skylink Technologies, Inc.
County of Residence:
Defendant's Atty:

**II. Basis of Jurisdiction:** 3. Federal Question (U.S. not a party)

**III. Citizenship of Principal Parties (Diversity Cases Only)**
Plaintiff:- N/A
Defendant:- N/A

**IV. Origin:** 1. Original Proceeding

**V. Nature of Suit:** 830 Patent

**VI. Cause of Action:** Claim for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§271 et seq. and for copyright infringement arising under the Copyright Act, 17 U.S.C. §1201

**VII. Requested in Complaint**
Class Action: No
Dollar Demand:
Jury Demand: Yes

**VIII.** This case **IS NOT** a refiling of a previously dismissed case.

**Signature:** /s/ J. Flannery
**Date:** September 6, 2002

If any of this information is incorrect, please go back to the Civil Cover Sheet Input form using the *Back* button in your browser and change it. Once correct, print this form, sign and date it and submit it with your new civil action. **Note: You may need to adjust the font size in your browser display to make the form print properly.**   Revised: 06/28/00

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### Eastern Division

In the Matter of

The Chamberlain Group, Inc., a Connecticut corporation
v.
Skylink Technologies, Inc., a foreign corporation

Case Number: 02C 6376




APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:

Plaintiff, THE CHAMBERLAIN GROUP, INC.

| (A) | (B) |
|---|---|
| SIGNATURE /s/ John F. Flannery | SIGNATURE |
| NAME: John F. Flannery | NAME: Karl R. Fink |
| FIRM: Fitch, Even, Tabin & Flannery | FIRM: Fitch, Even, Tabin & Flannery |
| STREET ADDRESS: 120 South LaSalle Street, Suite 1600 | STREET ADDRESS: 120 South LaSalle Street, Suite 1600 |
| CITY/STATE/ZIP: Chicago, Illinois 60603-3406 | CITY/STATE/ZIP: Chicago, Illinois 60603-3406 |
| TELEPHONE NUMBER: (312) 577-7000 | TELEPHONE NUMBER: (312) 577-7000 |
| IDENTIFICATION NUMBER: 00829854 | IDENTIFICATION NUMBER: 06180508 |
| MEMBER OF TRIAL BAR? YES ✓ NO | MEMBER OF TRIAL BAR? YES ✓ NO |
| TRIAL ATTORNEY? YES ✓ NO | TRIAL ATTORNEY? YES ✓ NO |
|  | DESIGNATED AS LOCAL COUNSEL? YES NO ✓ |

| (C) | (D) |
|---|---|
| SIGNATURE /s/ Rudy Kratz | SIGNATURE |
| NAME: Rudy I. Kratz | NAME: |
| FIRM: Fitch, Even, Tabin & Flannery | FIRM: |
| STREET ADDRESS: 120 South LaSalle Street, Suite 1600 | STREET ADDRESS: |
| CITY/STATE/ZIP: Chicago, Illinois 60603-3406 | CITY/STATE/ZIP: |
| TELEPHONE NUMBER: (312) 577-7000 | TELEPHONE NUMBER: |
| IDENTIFICATION NUMBER: 6216387 | IDENTIFICATION NUMBER: |
| MEMBER OF TRIAL BAR? YES NO ✓ | MEMBER OF TRIAL BAR? YES NO |
| TRIAL ATTORNEY? YES NO ✓ | TRIAL ATTORNEY? YES NO |
| DESIGNATED AS LOCAL COUNSEL? YES NO ✓ | DESIGNATED AS LOCAL COUNSEL? YES NO |